UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BMS ENTERTAINMENT/HEAT MUSIC LLC,
ALDEEN WILSON, THEODORE GREEN
RAHMID BROWN, RONIQUE THOMAS

                Plaintiffs,                04 Civ. 2584 (PKC)

    -against-

                                            MEMORANDUM AND ORDER
                                            ON MOTION
                                            <u>TO RECONSIDER</u>

CHRISTOPHER BRIDGES, KANYE WEST,
EMI APRIL MUSIC, INC., a Connecticut
Corporation, LUDACRIS MUSIC, UNIVERSAL
MUSIC GROUP, a Corporation, UNIVERSAL
MUSIC AND VIDEO DISTRIBUTION CORP., a
California Corporation, and JOHN DOE
DEFENDANTS 1-100

                Defendants.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        The defendants now move, pursuant to Local Rule 6.3, for the reconsideration of a Memorandum and Order denying the defendants' for summary judgment pursuant to Rule 56, Fed. R. Civ. P. <u>BMS v. Bridges</u>, 2005 WL 1593013 (S.D.N.Y. July 7, 2005). For the reasons explained below, their motion is denied.

        A movant seeking reconsideration of a Court's order must show that the Court overlooked controlling decisions or factual matter that, had they been considered, might reasonably have altered the result of the previous motion. <u>D.H. Blair & Co. v. Gottdiener</u>, 2004 WL 1057626, at *1 (S.D.N.Y. May 10, 2004). According to the Second Circuit, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or

data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Local Rule 6.3 is "narrowly construed and strictly applied" in order to avoid repetitive arguments already considered by the Court. Dellefave v. Access Temporaries, Inc., 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001). These limitations are designed to ensure finality, and to prevent a losing party from "plugging the gaps of a lost motion with additional matters …" Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

Defendants' unsuccessful summary judgment motion was premised on a contention that the ostensibly unoriginal elements of the plaintiffs' composition cannot as a matter of law constitute a protectible work, and that no reasonable trier of fact can conclude to the contrary. The plaintiffs' composition "Straight Like That" and the defendants' later composition "Stand Up" feature similar elements, including the lyrics "like that" preceded by a one-syllable word, and a rhythmic pattern consisting of an eighth note, quarter note, eighth note. They also utilize a "call and response" format. This combination of elements is repeated multiple times in each composition, and arguably constitutes the hooks of each song.

Central to my denial of summary judgment was the Second Circuit's decision in Knitwaves,Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996 (2d Cir. 1995). In Knitwaves, the Second Circuit made clear that a sweater's commonplace visual elements – such as leaves and squirrels, a "'fall' palette" of colors, and a design that combined such images and colors – were sufficiently original in combination to warrant copyright protection. Id. at 1004. The Second Circuit rejected the defendants' contention "that, in

comparing designs for copyright infringement, we are required to dissect them into separate components, and compare only those elements which are in themselves copyrightable." Id. at 1003. Instead, Knitwaves emphasized that a court should evaluate a work's "total concept and feel." Id.

As the defendants again point out, Knitwaves also holds that a court considering a summary judgment motion in a copyright infringement action should remove uncopyrightable elements from consideration before evaluating the substantial similarities between two works. Id. at 1002-03. In doing so, Knitwaves removed from its analysis the unpredictable utilitarian or "mechanical" traits of a sweater before evaluating its protectible design elements. Id. at 1004. "What is protectible then is the author's original contributions – the original way in which the author has selected, coordinated, and arranged the elements of his or her work." Id. (internal citation and quotation marks omitted). Knitwaves instructs that commonplace, uncopyrightable elements that would not be protected in isolation may constitute a protectible work when combined.

The Knitwaves analysis was further elucidated in Tufenkian Import v. Einstein Moomjy, 338 F3d 127 (2d Cir. 2003), a cases arising in the context of textile designs for carpeting. The Tufenkian Court addressed Knitwave's "total concept and feel" standard as it relates to the component parts of the work, protectable and non-protectable:

> Essentially, the total-concept-and-feel locution functions as a reminder that, while the infringement analysis must *begin* by dissecting the copyrighted work into its component parts in order to clarify precisely what is not original, infringement analysis is not *simply* a matter of ascertaining similarity between components viewed in isolation. For the defendant may infringe on the

3

> plaintiff's work not only through literal copying of a portion of it, but also by parroting properties that are apparent only when numerous aesthetic decisions embodied in the plaintiff's work of art--the excerpting, modifying, and arranging of public domain compositions, if any, together with the development and representation of wholly new motifs and the use of texture and color, etc.--are considered in relation to one another. The court, confronted with an allegedly infringing work, must analyze the two works closely to figure out in what respects, if any, they are similar, and then determine whether these similarities are due to protected aesthetic expressions original to the allegedly infringed work, or whether the similarity is to something in the original that is free for the taking.

Id. at 134 -135 (emphasis in the original; footnote omitted). The Court reiterated that the "original selection" of a combination of unprotectible elements from the public domain may be protectible expression. Id. at 136, citing Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 390, 362 (1991). The Tufenkian Court went on to reverse the district court's grant of summary judgment on non-infringement. The following observation by the Tufenkian Court could have been written about this case with appropriate modification for the subject matter of the copyrighted works, hip-hop music rather than visual depictions on a carpet:

> What makes this case perplexing is that . . . many of the plaintiff's expressive choices may seem to be rather mechanical or conventional acts, which might be deemed to be either non-original or else so weakly original that their copying would appropriate no more than a de minimis amount of protected expression.

Id. at 135 (footnote omitted). Nevertheless, as noted, the Court concluded that there was sufficient originality to preclude summary judgment in defendant's favor. Of course, each case of alleged infringement is intensely fact specific.

4

Defendants' motion for reconsideration is anchored on two contentions: that the previous Memorandum and Order placed undue weight on the use of a "call-and-response" format used in the plaintiffs' composition and misconstrued the defendants' assertions as to the importance of another composition titled "Straight Like That" by the performing group Capone-N-Noreaga.

Defendants argue that only the words and rhythmic pattern and not the "call and response" format are the arguably similar elements. They place much emphasis on the fact that plaintiffs' expert, Judith Finell, identified the words –a one-syllable word followed by "like that"—together with the three note rhythmic pattern—eighth note, quarter note and eighth note—as the similar elements. However, the evidence of record on this motion, which includes both compositions, reveals that the "call and response" format is also a similar element, whether or not mentioned in Ms. Finell's report. See Rose Report at 4-5; Finnell Dep. Tr. at 192-193. I am aware of no authority that, in the context of a summary judgment motion, similarity can only be demonstrated through the testimony of an expert. I conclude that it was appropriate to have considered the "call and response" format in my analysis.

Defendants fault my ruling as placing the wrong emphasis upon the Capone-N-Noreaga composition. "Defendants did not proffer Capone-N-Noreaga's song as the threshold by which to measure the lack of originality of all of the elements in common between that song and Plaintiffs' composition." (D.Mem. at 4) Exhibit G to the Ferrara exhibit also lists ten songs from a variety of musical genres that the phrase "like that" with a rhythm similar to the works disputed here. While defendants'

characterization of their own arguments is accepted, it does not alter the conclusion that there is a triable issue of fact as to the originality of the combination of all three elements.[1] See Mattel, Inc. v. Goldberger Doll Mfg. Co., 365 F.3d 133, 136 (2d Cir. 2004) ("the 'requisite level of creativity is extremely low; even a slight amount will suffice."), quoting Feist., 499 U.S. at 345. So long as a work is independently created, it is entitled to copyright protection, even if it evinces minimal creativity or artistic merit. Mattel, Inc., 365 F.3d at 135.

Lastly, defendants rely on the recent decision in Boone v. Jackson, 2005 WL 1560511, at *4 (S.D.N.Y. July 1, 2005). There, the district court dismissed a copyright infringement action in part because the plaintiffs conceded that the phrase "holla back," when combined with the underlying rhythm, was unoriginal, thus negating a triable issue of fact as to originality. Id. Here, the plaintiffs make no such concession.

The defendants' motion for reconsideration is DENIED. The matter is set for trial January 16, 2006 at 10 a.m. as the first back up to a civil trial scheduled for that date.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 20, 2005

---

[1] The Capone-N-Noreaga composition was emphasized with good reason: it may also represent the combination of the elements in a single composition. Defendants do not presently urge that the combination in the Capone-N-Noreaga composition renders plaintiffs' composition unoriginal as a matter of law. The difficulties with that argument on this record at the summary judgment stage are explained in my prior opinion.